UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-13207-RGS

DAN HOWITT

v.

EASTERN HOUSING COURT CLERK'S OFFICE and DIANA HORAN

MEMORANDUM AND ORDER

May 7, 2025

STEARNS, D.J.

Pro se plaintiff Dan Howitt brings this action against the Commonwealth's Eastern Housing Court Clerk's Office ("Clerk's Office") and Massachusetts Housing Court Diana Horan (in her administrative capacity) ("Judge Horan"), alleging that the Clerk's Office violated Title II of the Americans with Disabilities Act by and other federal laws by retaliating against him when he complained of a state court judge's alleged discrimination against him on the basis of disability.  Howitt also seeks to hold Judge Horan liable because she did not address his complaints concerning the alleged misconduct of the Clerk's Office.  Howitt has filed a motion for leave to proceed in forma pauperis, Dkt # 11, and a motion to amend his complaint, Dkt #12.  For the reasons set forth below, the court will

allow the motion for leave to proceed *in forma pauperis* and grant the motion to amend.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Howitt's motion for leave to proceed in forma pauperis, the court finds that Howitt adequately demonstrates he is eligible to proceed without payment of the $405 filing fee. Accordingly, the motion is GRANTED.

### REVIEW OF THE COMPLAINT

Because Howitt is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting this review, the court liberally construes the complaint because Howitt is representing himself. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

BACKGROUND

I. Original Complaint

Howitt represents that he has been diagnosed with Autism Spectrum Disorder, Major Depressive Disorder, and Post Traumatic Stress Disorder "secondary to chronic disability-based social abuse." Compl. at 4. He has "the appearance of someone with marked [ASD]." *Id.* ¶ 4

On February 2, 2023, Howitt commenced two civil actions in state court against two landlords. According to Howitt, when he appeared in court, Judge Bagdoian said to him "with mocking derision, and snarling contortions of her face, and mocking smiles," that he is "self-claimed disabled" and "like a person in need of surgery on himself." *Id.* ¶ 3. Howitt alleges that, when he asked for "leeway" for his disabilities, Judge Bagdoian "'loudly said 'Eeeeeewwwww.'" *Id.* Howitt also claims that Judge Bagdoian cut him off while he was speaking in open court, "yet allowed the defendant's attorneys to speak at length for many minutes whenever they desired." *Id.* Judge Bagdoian allegedly ignored Howitt's motion for default and that a defendant had not responded to the complaint, notwithstanding that more than 100 days had passed since service of the pleading. At some point, Howitt voluntarily dismissed one of the cases. The other case continued in front of Judge Kelleher and subsequently in front of Judge Wink.

Howitt represents that, beginning on February 17, 2023, he emailed "brief complaints" about Judge Bagdoian's conduct to various employees of the Clerk's office, and he implies that at least some of his complaints concerned his belief that Judge Bagdoian had discriminated against him on the basis of his disabilities. Howitt alleges that, in retaliation for complaining about Judge Bagdoian's conduct, Clerk's office employees sabotaged his cases. For example, Howitt claims Clerk's office employees failed to respond to his numerous emails, enter defaults against non-responsive defendants, schedule hearings on his motions (while rapidly processing requests for relief filed by a defendant), inform him of hearings, allow him to file a document electronically, or provide the presiding judge papers that he had filed. Howitt further alleges that a Clerk's office employee sabotaged his opportunity to have a remote trial by falsely representing that the screen-sharing function necessary to share exhibits would not function. Howitt claims that the judge had allowed a remote trial as an accommodation for his 24-13207 disabilities.

Howitt alleges that the state court's ADA Coordinator never responded to his "multitude of voicemails . . . nor ever answered her telephone despite [his] calling approximately 20 times, at different hours of the day." *Id.* ¶ 98. According to Howitt, in the absence of any satisfactory response from the

Clerk's office, he contacted Chief Administrative Judge Diane Horan. Howitt alleges that "weeks of [his] voice mails [to this office] were not returned." *Id.* ¶ 103. Howitt claims that, after sending an email to Judge Horan's assistant, the assistant emailed him a letter from Judge Horan "in which she declined to be involved in the matter." *Id.*

The complaint is in six counts. In counts 1-3 and 5-6 Howitt seeks to hold the Clerk's office liable under 18 U.S.C. § 1512, 42 U.S.C. §§ 1981(a), 1985(2), 42 U.S.C. §§ 12182, 12203(a), M.G.L. ch. 93, § 102, and M.G.L. ch. 272, § 98. In count 4, Howitt seeks to hold Judge Horan liable under 42 U.S.C. § 1986.

## II. Motion to Amend

Pending resolution of the filing fee a preliminary review of the complaint, Howitt filed a motion to amend his complaint. Dkt #12. At the time he commenced this action, the state court case that he had not voluntarily dismissed was ongoing. In the motion to amend, Howitt represents that he lost the second case at trial (in which he was represented), and a $26,000 judgment was entered against him. Howitt represents that his attorney is appealing the judgment. Howitt claims that the Clerk's office and Judge Horan caused him "substantial psychological harm, and financial harm, especially in [his] disability and indigency circumstance." *Id.*

### III.   Filing of an Amended Complaint

Because Howitt may amend his complaint as a matter of right at the present stage of the litigation, the court GRANTS the motion to amend. However, the amended complaint must be consistent with the requirements set forth below, and the pleading will be subject to an initial screening before a summons issues.

### A.   Claims under Federal law

Certain claims Howitt asserts in the original complaint fail as a matter of law.  Howitt's claims under 18 U.S.C. § 1512 fail to state a claim upon which relief may be granted because this statute--which authorizes criminal prosecution for tampering with a witness, victim, or an informant—is not enforceable by a private party through a civil action.  *See, e.g.*, *Rowland v. Prudential Fin., Inc.*, 362 Fed. App'x 596, 596 (9th Cir. 2010); *Jones v. Azar*, 447 F. Supp. 3d 1121, 1146 (D.N.M. 2020).

Howitt's claim under 42 U.S.C. § 1981(a) fails to state a claim upon which relief may be granted because a state is not subject to suit under this statute.  *See, e.g.*, *Sealy v. State Univ. of N.Y.*, 834 Fed. App'x 611, 613 (2d Cir. 2020); *Pittman v. Oregon, Emp. Dep't*, 509 F.3d 1065, 1074 (9th Cir. 2007).  Similarly, a state is not subject to suit under 42 U.S.C. § 1985.  *See, e.g., Washington v. Louisiana*, 425 Fed. App'x 330, 333 & n.2 (5th Cir. 2011)

(per curiam); *Minor v. United States*, 294 Fed. App'x 295, 296 (9th Cir. 2008); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

Title III of the ADA, which Howitt invokes in count 6, does not apply to government entities. Rather, it "addresses discrimination in public accommodations and services operated by private entities." *Buchanan v. Maine*, 469 F.3d 158, 170 (1st Cir. 2006)

2.    Scope of Relief Available

Under the full faith and credit statute, 28 U.S.C. § 1738, "a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." *In re Sonus Networks, Inc., S'holder Derivative Litig.*, 499 F.3d 47, 56 (1st Cir. 2007). Massachusetts recognizes two kinds preclusion in this context: "claim preclusion and issue preclusion." *Id.* Issue preclusion bars relitigation of an issue that was "actually litigated and decided in the first litigation" even if the second lawsuit is "based on an entirely different claim" than the earlier one. *Id.* A trial court judgment is final for purposes of issue preclusion even if it on appeal. *See Commonwealth v. Hernandez*, 481 Mass. 582, 595 (2019).

Here, the state court's recent disposition of Howitt's case (in which a judgment in the amount of $26,000 was issued against him) is binding on

this court.  In other words, Howitt cannot relitigate in this action any issue that was actually litigated and decided in the state court, nor can he ask this court to make a ruling that would invalidate a state court order. Consequently, Howitt cannot seek damages based on what he believed he could have recovered in state court but for the alleged misconduct of the defendants in this action.  He also cannot recover for any injury was caused by a court order.  *See, e.g.*, *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 743 (7th Cir. 2016) (holding that, where injury from state court's denial for a denial of reasonable accommodations was "executed through a court order" and there was "no conceivable way to redress the wrong without overturning the order of a state court," federal court could not adjudicate ADA claim); *Mezzano v. Second Judicial Dist. Ct. of the State of Nev.*, C.A. No. 23-00324, 2023 WL 4868441, at *9 (D. Nev. July 31, 2023) (finding that court could not adjudicate plaintiff's "de facto appeal of [the state court judge]'s regarding reasonable accommodations").[1]

---

[1] The decisions in *Sykes* and *Mazzano* were based on the *Rooker-Feldman* doctrine, which prevents a federal district from exercising jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).  Issue preclusion is not a jurisdictional matter, but cases discussing *Rooker-Feldman* are an apt analogy here, where a state trial court judgment is final for purposes of issue preclusion even if it on appeal.

Of course, the doctrine of issue preclusion does not bar Howitt from advancing in his state court appeal any relevant argument that the defendants' alleged retaliation against him or failure to accommodate his disabilities negatively affected the outcome of the state trial court's judgment. But, the damages he seeks in this case cannot be for injuries he suffered as a result of an adverse state judgment.[2]

ORDER

For the foregoing reasons:

1.      The motion to proceed *in forma pauperis* (Dkt #11) is GRANTED.

2.      The motion to amend (Dkt #12) is GRANTED. If Howitt wishes to proceed with this action, he must, within twenty-eight (28) days, file an amended complaint which is consistent with the requirements forth above. Failure to do so many result in dismissal of this action.

**SO ORDERED.**

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[2] Further, damages against in an Title II ADA action are available only where the state's conduct "actually violates the Fourteenth Amendment." *United States v. Georgia*, 546 U.S. 151, 159 (2006).