**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1:24CV13207RGS

_____

Dan Howitt,

                           Plaintiff,

v

State Of Massachusetts,

                           Defendant.

_____

**AMENDED COMPLAINT**

| | |
|---|---|
| 2 | PARTIES |
| 3 | JURISDICTION AND VENUE |
| 4 | INTRODUCTION |
| 5 − 15 | FACTS |
| 16 − 21 | CAUSES OF ACTION (COUNTS 1-25) |
| 22 | REQUEST FOR BENCH TRIAL |

1

**PARTIES**

| | | |
|---|---|---|
| (1) | Plaintiff: | Dan Howitt |
| | | 37 Bay State Road #5 |
| | | Boston, MA 02215 |
| | | |
| (2) | Defendant 1: | State Of Massachusetts (as responsible for Eastern Housing Court) |
| | | 1 Ashburton Place, Floor 20 |
| | | Boston, MA 02108 |
| | | |
| (3) | Plaintiff: | Dan Howitt is a resident of Massachusetts. |
| (4) | Defendant 1: | State Of Massachusetts is a public entity, in Massachusetts; and Eastern Housing Court is a court of the State. |

### JURISDICTION AND VENUE

Via USC 28 s1331, the court has jurisdiction over violations of the following statutes:

USC 42 s12203
USC 42 s12132
MGL c272 s98
MGL c93 s102
USC 42 s1986

Via USC 28 s1367(a), the court has supplemental jurisdiction over claims about violations of the above and below discussed MGL statutes, because those claims arise out of the same case or controversy as my federal claims.

Via USC 28 s1343, this court has jurisdiction over civil complaints that seek monetary relief regarding violating the above statutes.

Via USC 42 12181, the defendant's office is a place of public accommodation.

Via USC 42 s1983, the defendants are liable for depriving me the rights, and privileges, regarding having my Eastern Housing Court filings (complaints, motions, oppositions, exhibits, notices, communications, requests, etc) conducted lawfully.

Via the following, this court has jurisdiction over violations of MGL c272 s98:

*Currier v. National Board. of Medical Examiners*, 462 Mass. 1, 17 (2012);
*Folly-Notsron v. 180 Broadway Liquor Inc.*, No. 1:22-CV-11983-WGY, 2023 WL 3958453, at 8 (D. Mass. Apr. 27, 2023);
*Brooks v. Martha's Vineyard Transit Authority*, 433 F. Supp. 3d 65, 70 (D. Mass. 2020).

Via USC 28 s1391(b), the venue is proper because I lived in, and still live in, Massachusetts, and because the defendant's office is located in Massachusetts.

**INTRODUCTION**

I receive SSI, MassHealth, Supplemental Nutrition Assistance Program, and a Section 8 Voucher.

I am diagnosed with marked Autism Spectrum Disorder (DSM-V, 299.00 (F84.0)), marked Major Depressive Disorder (DSM-V, 296.33 (F33.2)), and marked Post Traumatic Stress Disorder (DSM-5, 309.81 (F43.10) secondary to chronic disability based social abuse.

The clerk's office, from 2/17/23 onward, immediately after I emailed my detailed complaint about judge Irene Bagdoian to Alex Valderrama (clerk-magistrate), Natasha Woodley (the Americans With Disabilities Act coordinator), Andrea Gomes (clerk), the clerk office's email address, and Dashira Mangual (chief housing specialist), all of whom comprise the clerk's office, embarked on repeated violations of the above statutes against me, regarding my pro se plaintiff cases, and cases as pro se defendant, in that court. Later, clerk Jody DiGiacomandrea did so regarding one of my cases as defendant.

**FACTS**

(1)          In 2/2023, as a pro se litigant, I filed case 22H84CV000705 (temporary restraining order request against one of my then landlords), and 23H84CV000104 (civil complaint against the other landlord who represents herself as owning my then-apartment).

(2)          These were my first pro se cases.

(3)          Judge Bagdoian engaged in patent misconduct in violation of Supreme Judicial Court Rule 3:09, namely rules 2.3 and 2.6:

"A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice or engage in harassment, including bias, prejudice, or harassment based upon a person's status or condition."

"As used in this Rule, examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes …. and irrelevant references to personal characteristics. Even facial expressions and body language can convey an appearance of bias or prejudice to parties and lawyers in the proceeding, jurors, the media, and others."

"A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge may make reasonable efforts, consistent with the law, to facilitate the ability of all litigants, including self-represented litigants, to be fairly heard."

As is shown in the For The Record audio, several times she said, to me, and to the court-room, with mocking derision, and snarling contortions of her face, and mocking smiles, that I am "self claimed disabled", despite my filed indigency-affidavit, and my filed SSI and MassHealth verification documents.

(3a)          Moreover, she twice said, "You are, I don't know!, like a person in need of surgery doing surgery on himself!", with mocking derision, and while laughing, and contorting her face.

(3b)          In my first ever attempt to say anything in my first hearing with her, I began to politely say 3-4 words, and she stridently screamed, "Be silent!", at me, yet allowed the defendant's attorneys to speak at length for many minutes whenever they desired, including repeatedly interrupting her, at which time she would stop and listen to them.

(4)          In the same above hearing, her first communication with me involved her picking up what she called a book of civil-procedure, and violently flopping it (a massive non-hardcover book of documents) in her hand in the air, in my direction, while scolding me that I have to abide by it, and while snarling at me, and staring at me in anger.

(4a)          Prior to her doing this with the book, she picked up my complaint; and upon reading what I first wrote , namely that I ask the court for leeway given my disabilities, she loudly said "Eeeeewwwww!" while contorting her face and snarling and smiling.

(4b)          I have the appearance of someone with marked Autism Spectrum Disorder (ASD).

(5)          I have been a co-editor since 2021 of the distinguished journal The Journal Of Autism & Developmental Disorders; and as is increasingly publicly known, it is pervasive world-wide that persons with ASD

are treated severely discriminatorily based on their appearances and outward-symptomology, including atypical facial affect, atypical eye-gaze style and expression, atypical communication style, atypical sensory behavior, etc.

(6)        Immediately upon looking at me, Bagdoian embarked on her misconduct, and continued to do so persistently in my two hearings with her.

(7)        From 2/17/23 onward, I emailed, of the clerk's office, Alex Valderrama (clerk-magistrate), Natasha Woodley (the Americans With Disabilities Act coordinator), Andrea Gomes (clerk), the clerk's office's email address, and Dashira Mangual (housing specialist), all of whom comprise the clerk's office, brief complaints about judge Bagdoian.

(8)        On 2/17/23, I notified Valderrama that I filed a Commission On Judicial Conduct complaint against Bagdoian.

(9)        Valderrama is who oversees and processes all cases of the court.

(10)       In 2/2022, when I filed my aforementioned 22H84CV000705 and 23H84CV000104, I postal-mailed a USB drive with 7 minutes of physical harassment and verbal harassment of the defendant of 22H84CV000705 against me.

(11)       I inadvertently postal-mailed it with a letter stating that it is for the 23H84CV000104 case.

(12)       It and my case were ignored for several weeks.

(13)       My emails to various staff and clerks were ignored for several weeks.

(14)       Delgado finally responded to me after my multitude of emails to her over several weeks, and stated that I provided the wrong case number for it, and that I would have to file a motion for it to be transferred to the correct case.

(15)       Due to that the defendant discontinued his conduct, and severe fear that he might begin it again, and significant fatigue with my multitude of emails and telephone calls to the clerk's office, and judge Bagdoian's clear apathy and misconduct, I elected to voluntarily dismiss 22H84CV000705.

(16)       Regarding 23H84CV000104, I filed an amended complaint per judge Bagdoian's instructions, and it was ignored for 7 full months.

(17)       After 30 days of filing it, the defendant did not provide the required answer by 7/31/22, which was judge Bagdoian's ordered deadline.

(18)       On 8/2/22, I therefore filed a motion for a Rule 55(a) clerk entry of the defendant's default.

(19)       The clerk's office never entered a default, at any time.

(20)       I concurrent filed the required statement of damages per Rule 55(b)(1).

(21)       The clerk's office never processed it for hearing.

(22)        In the 11/2023 hearing with judge Bagdoian, she ignored my Rule 55(a) motion, and ignored not only that the defendant did not file an answer within 30 days, but that over 100 days had elapsed and still no answer was filed.

(23)        11/2023, I amended my case so that it included both defendants (both landlords).

(24)        My USB drive was not given to the judge by the clerk's office.

(25)        Just Kelleher then handled my case, and was not given my USB drive.

(26)        He ignored my case for a multitude of months.

(27)        Due to all of the above, I decided to significantly reformulate it, and file it here in US District Court on 12/2/24 (1:24CV11991PBS), and voluntarily dismiss my above 23H84CV000104.

(28)        The effects of the clerk's office's misconduct resulted in judge Jeff Winik (the third judge to take over the case), changing my 23H84CV000104 case such that I am now the defendant, and where my then-landlords are pursuing as a complaint what was their counterclaim (namely, they refused to accept my City Of Cambridge 85% of funding, and my Section 8 Voucher 100% of funding, because in 12/2022 they filed a retaliatory eviction-request in response to my Cambridge Inspectional Service action against them, and because the City's contract mandates that they cannot receive City funding if they do; and now they are suing me for "unpaid rent" at approximately $26,000).  I address this in my above 1:24CV11991PBS case against them.

(28a)       I will shortly amend what was my case 1:24CV11991PBS by focusing on the federal violations, and excluding the MGL violations that the court does not have jurisdiction over.

(28b)       Whereas my case as plaintiff for the above 23H84CV000104 was handled by the clerks as I describe above, at the instant that I dismissed it, it was expeditiously changed and processed (as I describe above regarding my being changed to the defendant), including via an expeditious schedule of hearings, and a recent trial.  Moreover, since I voluntarily dismissed my complaint, that court would not allow me to present any of my arguments, even as non-counterclaim defenses.  I then lost at the trial, despite that attorney Allison Koury, with only two weeks to prepare, represented me.  She (a criminal law attorney), and a multitude of housing attorneys (such as the distinguished Arthur Doubleday) were aghast at the conduct of the clerk's office, and the ensuing conduct of the judge.  Ms. Koury has appealed the judgment against me, which is for $26,000, $6,000 of which is interest, and the rest money that my landlord did not accept from my Section 8 Voucher and City Of Cambridge Office Of Housing Stability.  The clerk's office, and Diana Horan as administer of the court, because she did not intervene despite my pleadings for her to do so, caused me substantial psychological harm, and financial harm, especially in my disability and indigency circumstance.

(29)        On 11/9/2023, I filed a complaint against my current landlord in Eastern Housing Court, 23H84CV000632, shortly after my 11/2/23 move-in, because there was zero heat when I moved in, that the

plumber that was hired by the property management found that the heating system for the building was in severe dysfunction, and because my landlord would not remedy the matter.

(30)     I served my landlord via the Sheriff in early 12/2023, and filed the return of service

(31)     The clerk's office did not process my complaint for any hearings.

(32)     My landlord did not file an answer at any time.

(33)     On 1/5/24 I filed a motion for a Rule 55(a) clerk entry of default.

(33a)     On 1/11/24, I filed a second motion for the above.

(33b)     I concurrently filed the required statement of damages per Rule 55(b)(1).

(34)     Each were ignored by the clerk's office, and were never processed.

(35)     In contrast, in 2/2024 my current landlord (of my above 23H84CV000632) filed a non-payment of rent eviction-action, 24H84SP001406.

(36)     In my above case 23H84CV000632 against her, I invoke MGL c239 s8A regarding my legal withholding of my meager $399.00 portion of the $3,800.00 rent ($3,401 is paid by my Section 8 Voucher).

(37)     This is my first apartment for which I use a voucher, which I was granted in 3/2023.

(38)     In my MGL 93A demand-letter to her in 11/2023, and my complaint, I cite the above MGL as my basis to withhold my portion of the rent.

(39)     I withheld my portion of the rent through 3/2024 because the heating system was not repaired by the plumbing company, In A Flash Plumbing, until 3/15/24.  I suffered 15+ days a month of highly illegal cold in my apartment (50-60 degrees), and often for 24-48+ hour continuous periods of time.

(40)     Her above case was processed for hearing within a few days, and had a multitude of hearings thereafter.

(41)     My above case against her continued to be ignored, including with no hearings, and no response by the court to her absence of the required answer, nor to my above Rule 55 motions.

(42)     On 2/20/24, I filed a request for a temporary restraining order (24H84CV000105) against my current landlord regarding the unremedied 24 hour emergency health code violations, which Inspectional Services cited her for beginning in 11/2023, and regarding her incessant email-harassment, including stating that I am "severely and permanently mentally disabled", that she would have never given me the keys to the apartment if she knew that I was as such, that she will smash down my door if she needs to enter, repeated emails stating that I am "mentally ill", etc.

(43)     I filed meticulous filings, citing all of the relevant MGL and CMR statutes, and provided an abundance of exhibits.

(44)     Judge Joseph Kelleher presided; and in my hearings with him, he made no mention of any of the content of my filings, nor exhibits.

(45)        Delgado postal-mailed me (per her name in the postal-mailing) what he was to consider at one hearing, which consisted of only 25% of my filings.

(46)        Moreover, her printing of my filings was such that my exhibits (email exhibits) could not be read in any way; and they were crucial for my filings, and would further explain why the judge never mentioned the content of my filings.

(47)        Judge Kelleher never ordered anything regarding my restraining order requests, despite the severity of the matters.

(48)        In 1/2024, my landlord filed a temporary restraining order against me 24H84CV000029, and it was immediately processed for hearings, and handled by judge Kelleher.

(49)        Despite what I discuss above, she claimed that I was not permitting her and her workers to remedy the health-code violations of 11/2023 onward.  Again, my cases against her were centered on asking the court to enjoin her to remedy the violations.  I also provided exhibits that demonstrated that she ignored my early 11/2024 onward emails asking her to remedy the violations.

(50)        The judge immediately accepted her claims as the truth, ignoring the content of my above cases 23H84CV000632 and 24H84CV000105, and warned me, in an order, to allow my landlord to remedy the violations.

(51)        This further shows that the judge was not given my filings nor exhibits.

(51)        By then, I had already paid hundreds of dollars to have the 3' x 3' window repaired after suffering 3 weeks with it shattered out, and covered over by my make-shift thick plastic duck-taped-in layer, in mid-late 11/2023, and to purchase a smoke/CO detector, and to arrange for plastic-sheet weather proofing over the 70+ square feet of window space given the health-code violative lack of weatherproofing.  These were the three 24 hour emergency health code violations.

(52)        In 1/2024, I notified the above Woodley (ADA coordinator) and the above Valderrama (clerk-magistrate) of my complaint against judge Kelleher regarding his above handling of the above cases.

(53)        Valderrama email-replied to me that the clerk's office would no longer respond to any of my emails about any matters unless they were first approved by a judge.

(54)        In 12/2023 - 1/2024, I did not receive any postal-mail for approximately 3.5 weeks.  I emailed the above Delgado (clerk), Valderrama (clerk-magistrate), and the clerk's office, about this, including that I did not receive notices of hearings, and other court documents, and that I missed two hearings because of this, and that I was not being emailed any of the notices no documents.

(55)        No one replied to me.

(56)        One of my Section 8 Voucher discrimination cases against a relator (23H84CV000238) was dismissed due to this, and it took over 3 full months for it to resume, and involved substantial effort, time, and distress for me to have it resumed.

(57)         Regarding my current landlord's above case against me (24H84SP001406), my dozens of meticulous filings, with a multitude of exhibits, in response to my landlord's claims, were never discussed in any way by Judge Kelleher, in the hearings, nor in his several orders, demonstrating that he was never provided them by the clerk's office.

(58)         Due to this misconduct of the clerk's office, I sought assistance from an attorney; and on 2/7/24 attorney Charles Reid accepted my case on contingency given the gravity of my landlord's violations.

(59)         Reid was suspended by the Board Of Bar Overseers (BBO) in late 7/2024.

(60)         The BBO investigator Ken Luke advised me to notify the clerk's office of this, and added that they have a resource with which they can verify Reid's suspension.

(61)         I emailed Valderrama and the clerk's office about Reid's suspension.

(62)         They did not reply in any way.

(63)         I filed several filings on 7/27/24:  a notice that Reid was suspended; a motion to continue the case (any scheduled court-events) by 1 month due to Reid's suspension; and a motion to dismiss the case against me due to my landlord's pervasive failure to serve me with any filings except a notice-to-quit in 2/2024, nor file any returns of service.

(64)         While the filings were docketed, no hearings for them were scheduled, and they were not ruled on.

(65)         Instead a bench-trial was scheduled for 8/15/24 with Judge Kelleher.

(66)         Judge Winik then took over the case, and scheduled the bench-trial for 9/20/24.

(67)         Still no court-events for the above (63) were set.

(68)         Per the judge's order, I filed my eviction-defense and counterclaim with exhibits (140 page meticulous filing with 110 pages of exhibits) on 9/17/24, and the defendant filed her exhibit-filing on 9/18/24.

(69)         I filed a disability-based motion to accept my above filing by efile because I was not able to print the document, nor travel to the court.

(70)         No hearing on this was set.

(71)         My above filing was ignored.

(72)         Reid emailed and called the clerk's office 2 weeks before, and then 1 week before, the 9/20/24 bench-trial, informing them of his withdrawal from my case.

(73)         He also filed a motion to withdraw on 9/20/24 (the day of the bench trial) because of the lack of response from the clerk's office.

(74)         Due to the negligence of the clerk's office in attending to this issue, the judge denied his motion to withdraw.

(75)        I attended the 9/20/24 zoom bench-trial; and as is shown in the For The Record audio, the clerk, at the outset of the trial, was not able to present even one exhibit on the shared-screen.  No other clerks were called to assist.

(76)        Prior to the bench-trial, the judge allowed my disability-based motion for it to be held by zoom.

(77)        Due to the above clerk's failure, the judge stopped the bench-trial after 5-10 minutes, and stated that it had to be held in-person on 9/27/24.

(78)        Zoom court events have been held for several years, and it is easy to present document exhibits in a shared-screen for the participants (there were 3 parties, and the judge and clerk).

(79)        It is clear that the clerk engaged in the above passive abuse against me in order to subvert the bench trial from proceeding, and in order for an in-person bench trial to be required.

(80)        Clearly the clerk knew of my disability-limitations, and my allowed motion for a a zoom bench trial, and engaged in the above passive abuse in order to harm me.

(81)        On 9/25/24, I emailed the clerk's office and Valderrama, because as of 9/20/24 I was told that I was not permitted to efile because Reid was representing me, and I stated to them that I could not attend the 9/27/24 bench trial due to diagnosed severe otorhinolaryngology illness; and I attached my MGH physician Melissa Morse's letter, which was addressed to the court, about my illness, and her request to postpone the bench trial by two weeks.

(82)        They did not respond.

(83)        Reid cc'd me in his 9/26/24 email to clerk Jody DiGiacomandrea in which he informed her that he was in a hospital receiving treatment for a leg injury and using pain medicine, and clearly indicated that he would not be attending the 9/27/24 bench-trial.

(84)        Reid's assistant Beatriz Sanches emailed me at 5:40am on 9/27/24 that he would not be attending the 9/27/24 bench-trial due to his injury.

(85)        However, he attended, and no clerk at the court emailed me nor called me regarding my not being present.

(86)        That was of intentional malice, because, since early 2023, I was always called by the clerk's office about time-sensitive occurrences like this, such as if a judge cancelled a court-event, if the time of it was changed, and about why (regarding a few courtevents) I was not present and to confirm that I knew of the court events.

(87)        The clerk's office (a multitude of staff) have known since late 2022 via my emails, and since 1/2023 via my filings, that I receive SSI Disability Income, MassHealth, other governmental disability assistance, am disabled, have limitations on when I can attend court events, and have many clinical letters stating that I can only attend court events by zoom.

(88)        Still the clerk's office did not contact me in any way.

(89)        This is consistent with their aforementioned passive abuse of me, namely via intentional severe negligence, etc.

(90)        The effects of the clerk's office's misconduct resulted in judge Winik assuming as true the various retaliatory fraud of my landlord, issuing an eviction against me, a denial of my counterclaim, and ignoring the entirety of my vast array of meticulous and extensively exhibited filings since 11/2023.

(91)        The effects of the clerk's office's misconduct has now, as of 10/20/24, resulted in the termination of my Section 8 Voucher, namely currently $40,800 per year.  I appealed the termination, which took weeks of sending files and exhibits to the Somerville Housing Authority's attorney, and which is still pending; and this has entailed severe psychological distress.

(92)        The effects of the clerk's office's misconduct has, as such, caused me severe psychological distress.

(93a)        For context, I have a pro se attorney malpractice case against the above Reid since 10/24/24; and a default order has been issued against him, and there is a hearing regarding Rule 55(b)(1) this month.  He also, due to my complaint against him with the BBO, was suspended by the Supreme Judicial Court (SJC No. 2024-046) in 11/2024.

(93)        On 10/21/24, I filed two filings that were crucial for my case, and prior to the judge's order. Both concerned the 10/21/24 motions hearing, namely that the judge, yet again, clearly was never provided by the clerk's office my vast multitude of crucial filings (my exhibits, arguments, invoking of MGL and CMR, etc). In those two filings, I filed a multitude of pages of exhibits, and provided discussion of the exhibits.

(94)        I emailed the clerk's office and clerk DiGiacomandrea about the two filings, and asked, given the time-sensitive nature of the matter, if they would provide them to the judge that day.

(95)        DiGiacomandrea email-replied that she would.

(96)        Neither were docketed, in the sense of being provided in the docket as image-files.  And, only one was even mentioned in the docket.

(97)        There was no hearing on those two filings, nor mention of their content, in any way, by the judge in his ruling against me.  In his various orders and rulings, he never mentions any of the content of any of my vast array of filings, and instead focuses on my landlord's handwritten few-sentence chaotic claims, and accepts them as true.

(98)        On 10/28/24, after I filed my notices of appeal, I filed a second indigency affidavit in which I ask for the fees for court transcripts (which are necessary for my appeal) to be waived.

(99)        Nearly two months elapsed, and they were not processed.

(100)        On 12/19/24, in a motions hearing, judge Winik stated that they were not processed because I did not specify which transcripts I wanted.

(101)        I informed him that, unlike other areas of the indigency affidavit, there is no empty space provided where the specific transcripts that are requested can be listed, and that I assumed that this is so because

all that the court needs is a general request for a fee waiver for court transcripts, which I would provide to For The Record, with whom I would specify which transcripts that I would like.

(101)        Rather than the clerk's office contacting me about this issue, at which time I could have rapidly resolved the issue, they let my filing (my motion for fee waiver for court transcripts) be neglected for nearly two full months.

(102)        This is consistent with their aforementioned intentional passive abuse (intentional negligent abuse) of me.

(103)        The clerk's office has the responsibility to assist people with all procedural matters, and, per the

        Supreme Judicial Court Rule 3:12:
        Code of Professional Responsibility for Clerks of the Courts

to assist all litigants, including those who are pro se, and those who are disabled, with procedural assistance, and to do so in a non-discriminatory, non-biased, and non-abusive ways.

(104)        In each court event for all of the above cases, it was very clear, as is also shown in the For The Record audio, that the judges had each of my landlords' filings, because the judges extensively discussed the intricacy of their content.

(105)        The clerk's office, namely the Americans With Disabilities Act (ADA) coordinator, Natasha Woodley, and per the Massachusetts Trial Court's own website,

https://www.mass.gov/info-details/jurisdiction-and-work-of-the-housing-court#assistance-for-people-with-disabilities-

is responsible for the following:

Assistance for people with disabilities
If you need assistance, you should contact the clerk's office at the court where your case is pending and speak with the Americans with Disabilities Act (ADA) coordinator about the accommodation you need …. The court will make a reasonable accommodation to ensure that a person with a disability has full and fair access to the court.

Per the information at the court's webpage,

https://www.mass.gov/locations/eastern-housing-court-middlesex-session

I emailed her (natasha.woodley@jud.state.ma.us) and called her (617-788-6523) a multitude of times, beginning in early 2023, and to the present, including regarding the aforementioned 9/27/24 bench-trial, with clear discussion about my disabilities, and ongoing treatment, and reasonable-accommodation requests for her to arrange for various continuances of court-events. The above webpage states that I should "contact the clerk's office" and "speak" with the ADA coordinator, and that the "court will make a reasonable accommodation to ensure that a person with a disability has full and fair access to the court".

(106)        She only replied to me once, and on 3/31/23, about my reasonable accommodation request that my aforementioned video exhibit of my abusive previous landlord be allowed as google-drive files in my filings.

(107)        She never responded to my multitude of voicemails from then to the present, nor ever answered her telephone despite my calling approximately 20 times, at different hours of the day, from early 2/2023 to the present. I found this to be shocking given that she is the ADA coordinator.

(108)        I emailed Valderrama about her negligence, and he did not respond, nor did she.

(109)        As I discuss above, she is one of the staff of the clerk's office who I email about judge Bagdoian's maltreatment of me.

(110)        The clerk's office did not "make a reasonable accommodation to ensure that a person with a disability has full and fair access to the court".

(111)        The Americans With Disabilities Act coordinator of the clerk's office, and others of the clerk's office, did not respond to my vast multitude of disability based reasonable accommodation requests to attend various court events by zoom.

(112)        I asked each of them of this at the outset of each case, and also asked the American With Disabilities Act coordinator, to manage the necessary communications with others of their office and judges.

(113)        I assumed that she would since she is the Americans With Disabilities Act coordinator of the court.

(114)        Her failure to do so resulted in the frequent erratic denial by several judges of my requests, partly due to their not being provided my motions for zoom court events to the judges, or not being provided them until very late (including the day of the court events, including only minutes before), namely regarding judge Bagdoian, only minutes before one courtevent, and the clerk's office conveying to me by telephone, when I called them, that I should have come to the court if there was no ruling.

(115)        It is clear, due to how the staff of the clerk's office can function essentially entirely in anonymity from people like me, that they, if they desire, can engage in whatever passive abuse that they would like.

(116)        They clearly consider themselves free to extensively violate the aforementioned cannons of the
         Supreme Judicial Court Rule 3:12:
         Code of Professional Responsibility for Clerks of the Courts
because there is no obvious administrative mechanism, including none stated on any of the court's webpages, with which to present their misconduct. And due to this, people such as me would have to circumvent the standard procedure of the court, find external mechanisms to present complaints, and then, as such, fear that doing so will enrage the clerk's office, thereby motivating them to escalate their misconduct. Surely if there was an obvious, and easily accessible, complaint mechanism, the clerk's office would likely be motivated to refrain from engaging in misconduct.

(117)        Moreover, I did circumvent the court, and had to search for the overseeing administration of the court, which is very far from obviously presented to the public, and which no sources were able to refer me to. After substantial time, I found that it is the office of chief administrative judge Diane Horan. Moreover, there are no email addresses that are provided, rarely (only once in many weeks) would anyone answer the telephone, and my weeks of

voice-mails were not returned.  It was not until I guessed at the email address for the chief-judge's assistant Dorca Louis dorca.louis@jud.state.ma.us that I received a reply.

(118)        Chief judge Diana Horan (also guessed as diana.horan@jud.state.ma.us), regarding her capacity as administrator, despite that I presented all of the above to her via email from 1/2024 onward, never replied to me, nor arranged for someone else to reply to me.

(119)        Louis replied to me twice in 8/2024 and 9/2024, about my first complaint, and then emailed me a letter from judge Horan in which she declined to be involved in the matter.  I assume that her office is responsible for investigating such matters, and is negligent in violation of USC 42 s1986.

(120)        The absence of, of the clerk's office, not only the required self-accountability that is expressed in the cannons of the above Rule 3:12, but of an even minimally obvious mechanism to present their misconduct, is such that they consider themselves free to even engage in even the brazen violations that they engaged with against me, aside from their horrid violations regarding their secretive obstructions of justice regarding my filings.

## CAUSES OF ACTION

### COUNT 1

(121)      I restate, and incorporate by reference, each of the facts that are stated above in 1 – 120.

USC 42 s12203:  My complaints against judge Bagdoian's patent violations of USC 42 s12132 and MGL c272 s98 against me were responded to by the clerk's office with a persistent pattern of severe retaliation against me (that is, multifaceted overt, and multifaceted surreptitious, subversions of a multitude of my cases as plaintiff, and cases that I was involved in as defendant), in violation of USC 42 s12203.

Count 1 is for their retaliatory neglect of my case as plaintiff, 23H84CV000104:  Via malicious retaliatory neglect, they did not abide by their obligation to enter the defendant's default per my request.  They did this to cause me harm; and I was caused harm in the sense of not having my case proceed, and in the sense of what I discuss below in Count 5.

I therefore ask the court for:

(a)  Judgment on the violation.

(b)  General Damages.

(c)  Triple Damages.

(d)  Punitive Damages.

(e)  Injunction against the offender to discontinue violating USC 42 s12203 against me.

(f)  Injunction against the defendant to not violate USC 42 s12203 against other people.

(g)  Other damages found by the court to be warranted.

### COUNT 2

(122)      I restate, and reincorporate by reference, each of the facts that are stated above in 1 – 121.

USC 42 s12203:  My complaints against judge Bagdoian's patent violations of USC 42 s12132 and MGL c272 s98 against me were responded to by the clerk's office with a persistent pattern of severe retaliation against me (that is, multifaceted overt, and multifaceted surreptitious, subversions of a multitude of my cases as plaintiff, and cases that I was involved in as defendant), in violation of USC 42 s12203.

Count 2 is for their retaliatory neglect of my case as plaintiff, 22H84CV000705:  Via malicious retaliatory neglect, they did not process my complaint as they were required to.

I therefore ask the court for:

(a)  Judgment on the violation.

(b)  General Damages.

(c)  Triple Damages.

(d)  Punitive Damages.

(e)  Injunction against the offender to discontinue violating USC 42 s12203 against me.

(f)  Injunction against the defendant to not violate USC 42 s12203 against other people.

(g)  Other damages found by the court to be warranted.

## COUNT 3

(123)        I restate, and reincorporate by reference, each of the facts that are stated above in 1 − 123.

USC 42 s12203:  My complaints against judge Bagdoian's patent violations of USC 42 s12132 and MGL c272 s98 against me were responded to by the clerk's office with a persistent pattern of severe retaliation against me (that is, multifaceted overt, and multifaceted surreptitious, subversions of a multitude of my cases as plaintiff, and cases that I was involved in as defendant), in violation of USC 42 s12203.

Count 3 is for their retaliatory neglect of my case as plaintiff, 23H84CV000632.  Via malicious retaliatory neglect, they did not abide by their obligation to enter the defendant's default per my request.  They did this to cause me harm; and I was caused harm in the sense of not having my case proceed.

I therefore ask the court for:

(a)  Judgment on the violation.

(b)  General Damages.

(c)  Triple Damages.

(d)  Punitive Damages.

(e)  Injunction against the offender to discontinue violating USC 42 s12203 against me.

(f)  Injunction against the defendant to not violate USC 42 s12203 against other people.

(g)  Other damages found by the court to be warranted.

## COUNT 4

(124)        I restate, and reincorporate by reference, each of the facts that are stated above in 1 − 123.

USC 42 s12203:  My complaints against judge Bagdoian's patent violations of USC 42 s12132 against me were responded to by the clerk's office with a persistent pattern of severe retaliation against me (that is, multifaceted overt, and multifaceted surreptitious, subversions of a multitude of my cases as plaintiff, and cases that I was involved in as defendant), in violation of USC 42 s12203.

Count 4 is for their retaliatory neglect of my case as plaintiff, 24H84CV000105, which entailed harm via no action being taken against the defendant, despite my vast array of meticulous detailed filings, and multitude of exhibits.

I therefore ask the court for:

(a)  Judgment on the violation.

(b)  General Damages.

(c)  Triple Damages.

(d)  Punitive Damages.

(e)  Injunction against the offender to discontinue violating USC 42 s12203 against me.

(f)  Injunction against the defendant to not violate USC 42 s12203 against other people.

(g)  Other damages found by the court to be warranted.


### COUNT 5

(125)        I restate, and reincorporate by reference, each of the facts that are stated above in $1 - 124$.

USC 42 s12203:  My complaints against judge Bagdoian's patent violations of USC 42 s12132 against me were responded to by the clerk's office with a persistent pattern of severe retaliation against me (that is, multifaceted overt, and multifaceted surreptitious, subversions of a multitude of my cases as plaintiff, and cases that I was involved in as defendant), in violation of USC 42 s12203.

Count 5 is for their retaliatory neglect of my case as plaintiff (23H84CV000104), and the ensuing harm that I was subjected to via the case being changed to my being the defendant:  The case should have been concluded per my filings; and as such, everything that ensued afterward is due to the clerk's malicious retaliatory negligence.

I therefore ask the court for:

(a)  Judgment on the violation.

(b)  General Damages.

(c)  Triple Damages.

(d)  Punitive Damages.

(e)  Injunction against the offender to discontinue violating USC 42 s12203 against me.

(f)  Injunction against the defendant to not violate USC 42 s12203 against other people.

(g)  Other damages found by the court to be warranted.


### COUNTS 6-11

(126)        I restate, and reincorporate by reference, each of the facts that are stated above in $1 - 125$.

The violations of Counts 1-5 entail, per the following two decisions, five counts of violations of USC 42 s12132:

*Folly-Notsron v. 180 Broadway Liquor Inc.*, No. 1:22-CV-11983-WGY, 2023 WL 3958453, at *7 (D. Mass. Apr. 27, 2023);

*J.S.H. v. Newton*, 654 F. Supp. 3d at 18 (D. Mass. 2023):

"Retaliating against someone . . . with a disability, because they are advocating against your alleged discrimination against people with that disability, is discrimination based on disability."

In the above phrase "your alleged discrimination", the "your" can be considered to be Eastern Housing Court in general; and clearly the clerks considered this to be so, because they considered my advocating against judge Bagdoian's discrimination to be an affront of themselves.

I therefore ask the court for:

(a) Judgment on the violations.

(b) General Damages.

(c) Triple Damages.

(d) Punitive Damages.

(e) Injunction against the offender to discontinue violating USC 42 s12132 against me.

(f) Injunction against the defendant to not violate USC 42 s12132 against other people.

(g) Other damages found by the court to be warranted.


### COUNTS 12-17

(127)    I restate, and reincorporate by reference, each of the facts that are stated above in $1 - 126$.

The violations of Counts 1-5 entail, per the following three decisions, five counts of violations of MGL c272 s98:

*Currier v. National Board. of Medical Examiners*, 462 Mass. 1, 17 (2012);
*Folly-Notsron v. 180 Broadway Liquor Inc.*, No. 1:22-CV-11983-WGY, 2023 WL 3958453, at 8 (D. Mass. Apr. 27, 2023);
*Brooks v. Martha's Vineyard Transit Authority*, 433 F. Supp. 3d 65, 70 (D. Mass. 2020).

I therefore ask the court for:

(a) Judgment on the violations.

(b) General Damages.

(c) Triple Damages.

(d) Punitive Damages.

(e) Injunction against the offender to discontinue violating MGL c272 s98 against me.

(f) Injunction against the defendant to not violate MGL c272 s98 against other people.

(g) Other damages found by the court to be warranted.


### COUNTS 18-22

(128)    I restate, and reincorporate by reference, each of the facts that are stated above in $1 - 127$.

The violations of Counts 1-5 entail five counts of violations of MGL c93 s102:  My right "to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property" was violated in each instance.

I therefore ask the court for:

(a) Judgment on the violations.

(b) General Damages.

(c) Triple Damages.

(d) Punitive Damages.

(e) Injunction against the offender to discontinue violating MGL c93 s102 against me.

(f) Injunction against the defendant to not violate MGL c93 s102 against other people.

(g) Other damages found by the court to be warranted.


### COUNT 23

(129)        I restate, and reincorporate by reference, each of the facts that are stated above in 1 – 128.

USC 42 s1986:  Judge Horan, in her capacity as the chief administrative judge of Eastern Housing Court, engaged in a persistent pattern of violations of USC 42 s1986 against me by ignoring the outset of, and the evolution of, my testimony in this complaint.  She did not intercede into the clerk office's misconduct at any time.  Horan violated the following:

Action for neglect to prevent
Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;

I therefore ask the court for:

(a) Judgment on the pattern of, and severity of, violations.

(b) Criminal charges.

(c) General Damages.

(d) Triple Damages.

(e) Punitive Damages.

(f) Injunction against the offender to discontinue violating USC 42 s1986 against me.

(g) Injunction against the defendant to not violate USC 42 s1986 against other litigants.

(h) Other damages found by the court to be warranted.


### COUNT 24

(130)        I restate, and reincorporate by reference, each of the facts that are stated above in 1 – 129.

USC 42 s12132:  The clerk's office did not "make a reasonable accommodation to ensure that a person with a disability has full and fair access to the court".  The Americans With Disabilities Act (ADA) coordinator of the clerk's office, and others of the clerk's office, did not respond to my vast multitude of

disability based reasonable accommodation requests to attend various court events via zoom. I asked each of them of this at the outset of each case, and also asked the ADA coordinator, to manage the necessary communications with others of their office and judges. I assumed that the ADA coordinator would because she is the ADA coordinator of the court. And her failure to do so resulted in the frequent erratic denial by several judges of my requests, partly due to their not being provided my motions for zoom attendance by one or more other staff of the clerk's office, or not being provided them until very late (including the day of the court events, including only minutes before), namely regarding judge Bagdoian, only minutes before one court event; and the clerk's office then conveyed to me by telephone that I should have come to the court if there was no ruling.

I therefore ask the court for:

(a) Judgment on the violations.

(b) General Damages.

(c) Triple Damages.

(d) Punitive Damages.

(e) Injunction against the offender to discontinue violating USC 42 s12182 against me.

(f) Injunction against the defendant to not violate USC 42 s12182 against other litigants.

(g) Other damages found by the court to be warranted.

### COUNT 25

(130)      I restate, and reincorporate by reference, each of the facts that are stated above in 1 – 129.

MGL c272 s98: As I state above in (129), the clerk's office did not "make a reasonable accommodation to ensure that a person with a disability has full and fair access to the court".

I therefore ask the court for:

(a) Judgment on the violations.

(b) General Damages.

(c) Triple Damages.

(d) Punitive Damages.

(e) Injunction against the offender to discontinue violating MGL c272 s98 against me.

(f) Injunction against the defendant to not violate MGL c272 s98 against other litigants.

(g) Other damages found by the court to be warranted.

**REQUEST FOR BENCH TRIAL**

I would like to request a bench trial on all of the violations.

Submitted by,

Dan Howitt
5/10/25

**CERTIFICATE OF SERVICE**

I served this document today to the defendant's attorneys Charles Sweeney at charles.sweeney@jud.state.ma.us.

Dan Howitt
5/10/25