UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUETTS

CIVIL ACTION No: 24-13207

DAN HOWITT

v.

STATE OF MASSACHUSETTS

ORDER ON DEFENDANT'S MOTION TO DISMISS

July 29, 2025

STEARNS, D.J.

Pro se plaintiff Dan Howitt brings this action under the Americans with Disabilities Act (ADA), alleging that in proceedings before the Massachusetts Eastern Housing Court, the judge and court personnel failed to reasonably accommodate his disabilities and discriminated against him in violation of Title II of the ADA, 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.") (Counts 7-12, 26, 30, 31) and then retaliated against him for complaining about their misconduct, in violation of 42 U.S.C. § 12203, which applies to Titles I-III of the ADA (Counts 1-6, 28, 29). Howitt also brings a claim under 42 U.S.C. § 1986, alleging the Chief Administrative Judge for the Eastern Housing Court

ignored his complaints (Count 25).¹  Finally, Howitt brings claims under state law (Mass. Gen. Laws ch. 272 § 98, and Mass. Gen. Laws ch. 93 § 102).

The Commonwealth has filed a motion to dismiss.  The Commonwealth argues that this case is abrogated by Eleventh Amendment immunity (Dkt #31 at 3-6), apparently unaware that the ADA largely abrogates a state's Eleventh Amendment immunity only under Title II.²  *See Tennesee v. Lane*, 541 U.S. 509, 531 (2004).  But because Howitt fails adequately to allege viable federal claims or the predicate damages necessary for them to proceed, the court will GRANT the motion as to the federal claims and DISMISS this action without prejudice to Howitt bringing his state-law claims in the appropriate state forum, should he choose to do so.

The court writes for the parties and assumes the reader's familiarity with the Third Amended Complaint (Dkt #23), the Commonwealth's motion to dismiss and supporting memorandum (Dkt #30, #31), and Howitt's

---

¹ In the Third Amended Complaint's section labeled Jurisdiction and Venue, Howitt invokes 42 U.S.C. § 1983 as a jurisdictional statute but makes no claim under it.

² The Eleventh Amendment has two exceptions: "First, Congress may abrogate a State's immunity by expressly authorizing such a suit pursuant to a valid exercise of power.  Second, a State may waive its sovereign immunity by consenting to be sued in federal court." *Maysonet-Robles*, 323 F.3d at 49 (citations omitted).  The first exception applies here.  *See* 42 U.S.C. § 12202 (footnote omitted).

opposition to the motion (Dkt # 32, #33).  Howitt, who is diagnosed with "Autism Spectrum Disorder", "Major Depressive Disorder", and "Post Traumatic Stress Disorder", *see* Third Am. Compl. ¶ 1, avers that during a hearing on his civil complaint against his landlord, the presiding judge failed to account for, and "mocked" him for his disabilities. *Id.* ¶¶ 3-6.  Howitt filed a complaint against Chief Judge Bagdoian with the Commission on Judicial Conduct on February 17, 2023.  Howitt asserts thereafter, the Clerk's office and subsequent presiding judges ignored his case filings and his requests for assistance. Howitt also avers that Judge Jeffrey Winik failed to accommodate his request to conduct his landlord's summary process trial via ZOOM in violation of the ADA.

The Supreme Court of the United States has held that Title II of the ADA is "unquestionably" valid legislation pursuant to Section 5 of the Fourteenth Amendment (which authorizes Congress to pass legislation to enforce other provisions of the Fourteenth Amendment) "as it applies to the class of cases implicating the [physical] accessibility of judicial services." *Lane*, 541 U.S. at 531.  However, to recover for damages, the challenged conduct must *actually* violate a constitutional right.  *See United States v. Georgia*, 546 U.S. 151, 159 (2006) (stating that, "insofar as Title II creates a private cause of action for damages against the States for conduct that

actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity," and leaving for the lower courts to determine whether with regard to an amended complaint the plaintiff might file, "insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid").

The Commonwealth argues that "[e]ven if" the court treats this action as one "that survives sovereign immunity," it should nonetheless dismiss this action because Howitt has not alleged facts that support a claim that he was excluded from or denied participation in the state judicial process by reason of his disability. Mem. in Support (Dkt #31 at 6). The court agrees that nearly all of Howitt's claims are based on generic assertions of untimely or impolite treatment by court personnel, and that he fails to connect the court staff's rude treatment to his disabilities. With regard to the court's failure to accommodate his disability by ultimately refusing to conduct his trial via ZOOM, the state court judge gave a valid explanation why (after originally commencing the trial via Zoom) conducting the trial remotely would not be a "reasonable" accommodation—that the limitations of the courtroom computer system "seriously compromised" the judge's "ability to assess the

4

credibility of each party" or to view the dozens of disputed trial exhibits. Dkt. At # 30-2.

Moreover, to determine whether the Commonwealth has excluded Howitt from the benefits of the state judicial process or discriminated against him based on his disability would require this court to examine the validity of the state court proceeding and the court's orders and judgments. Such a review would contravene principles of comity and jurisdiction.[3] "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287, (1970). "As early as 1793, Congress manifested its understanding and intention that the state courts be allowed to conduct state proceedings free from interference by the federal courts, when it prohibited the federal courts from issuing injunctions to stay proceedings in state court" -- the current version of which is at 28 U.S.C. § 2283. *In re Justices of Superior Ct. Dep't of Massachusetts Trial Ct.,* 218 F.3d 11, 16 (1st Cir. 2000). "This congressional policy, subject to only a few exceptions, has remained

---

[3] Moreover, because the Housing court has decided the issues, *res judicata* would preclude Howitt from relitigating those issue before this court.

essentially unaltered to this day, and is reflected in the federal courts' own policies." *Id.* (citations omitted).

As the gist of Howitt's requested is a challenge to the conduct of the proceedings in the state court, these claims belong in the state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'").

The court need not analyze whether the Eleventh Amendment bars 42 USC § 1986 (Count 25) or whether a state is simply not a "person" subject to suit under this statute as Howitt has not plausibly alleged that there was a conspiracy (even by non-parties) which violated § 1985. By its plain language, a conspiracy to violate § 1985 is necessary for a claim under § 1986.

## ORDER

For the reasons states, Howitt's federal claims are DISMISSED for lack of jurisdiction and his state law claims are dismissed without prejudice to refiling in the state court.

    SO ORDERED.

    /s/ Richard G. Stearns
    UNITED STATES DISTRICT JUDGE